IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED
MISSOULA, MT
2007 JUL 10 PM 4 30
PATRICK E. DUFFY
BY _____
DEPUTY CLERK

| | |
|---|---|
| RYAN PRICE, ) | Cause No. CV 07-87-M-DWM-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| DOUGLAS PURL, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

On July 2, 2007, Plaintiff Ryan Price moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. The motion was granted in a separate Order. Price is a state prisoner proceeding pro se.

## I. Preliminary Screening

Because Price is a prisoner proceeding in forma pauperis, his Complaint is subject to 28 U.S.C. §§ 1915 and 1915A, which impose a screening responsibility on the district court. The Court must identify cognizable claims and dismiss cases or claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and quotations omitted).

Although the statutes require dismissal for the reasons stated, they do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct 2197, 2200 (2007) (per curiam) (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

## II. Price's Allegations

Price alleges that Defendant Purl stated in open court that Price "went to Polson Montana with the expressed intention of murdering his daughter. He tried to murder her." Price alleges that

Purl made this statement to Judge Ed McLean in open court on October 23, 2000. *See* Compl. (doc. 2) at 4, ¶ IV.A.1. Price avers that he suffered great stress and embarrassment as a result of Purl's "heated false accusations made with the expressed intent to prejudice the judge in my case for custodial interference." *Id.* at 5, ¶ V. He also contends that his good name was "left in shambles" as a result of Purl's statement. *Id.*

Although they are not named as defendants in the caption of the case, *see* Compl. at 1 (instruction stating "Enter above the full name of each defendant."), Price lists Judge McLean and prosecutor Kristen LaCroix as "Defendants Involved," *see id.* at 4, ¶ IV.A.2.

Price appears to allege slander and defamation. *See id.* at 5, ¶ VI; *id.* at 7 ("Count II").

For his relief, Price asks the Court to "defend my honor while restoring my good name back to a more suitable color/position." He also seeks $250,000 in damages for "egregious slander." *Id.* at 5, ¶ VI.

## III. Analysis

Even assuming the doubtful proposition that Price could show federal jurisdiction in some way,[1] Price's Complaint fails to state a claim on which relief could be granted. Actions alleging damage "to the interest in reputation alone" cannot go forward under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Screws v. United States*, 325 U.S. 91, 109 (1945). Assuming the Court could exercise supplemental jurisdiction over Price's claims under state law, the Complaint is precluded by Mont. Code Ann. § 27-1-804(2) (1999), which provides that a statement is privileged

---

[1] The Court will assume, for present purposes only, that Purl was acting under color of state law, so that Price's Complaint could conceivably present a federal question. *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983.
Price does not say whether Purl is a citizen of the State of Montana. If he is, or if Price intended to sue either Judge McLean or Ms. LaCroix in addition to Mr. Purl, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332(a). No other basis for federal jurisdiction appears.

if it is made "in any . . . judicial proceeding."

Finally, even if there were jurisdiction, and even if Price had a viable cause of action, he refers to an incident that occurred nearly seven years ago. The Complaint was filed far beyond any conceivably applicable statute of limitations, the longest of which would be three years. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27-2-204(1) (1997).

The Court has considered whether Price should be given an opportunity to amend. The defects in the Complaint cannot be cured. Amendment would be futile.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Price's Complaint (doc. 2) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Price's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this Findings and Recommendations within ten business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject,

or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 10th day of July, 2007.

_____
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5